IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) CRIMINAL NOS.  19-165, 20-232 |
| | ) |
| | ) SENIOR JUDGE JOY FLOWERS CONTI |
| | ) |
| vs. | ) |
| | ) |
| **HARVEY HICKS,** | ) |
| | ) |
| Defendant, | ) |

### MEMORANDUM OPINION

Pending before the court is a motion to correct judgment (Crim. No. 19-165, ECF No. 279; Crim. No. 20-232, ECF No. 60) filed by counsel on behalf of defendant Harvey Hicks ("Hicks").  Hicks asks that the judgments entered at Crim. Nos. 19-165 and 20-232 be amended to reflect the court's recommendation during the sentencing colloquy on September 27, 2022, that the last 12 months of his sentences at those cases be served on home confinement.  The government does not oppose the requested relief.

On September 27, 2022, the court sentenced Hicks to a term of 60 months of imprisonment at each of Crim. Nos. 19-165 and 20-232, to run concurrent.  The court also imposed a 5-year term of supervised release at each case, to run concurrent.  During the sentencing colloquy, the court agreed to recommend to the Bureau of Prisons ("BOP") that the last 12 months be served on home confinement.

After imposing the sentences at Crim. Nos. 19-165 and 20-232 on September 27, 2022, the court held a hearing to consider Hicks' alleged supervised release violations at Crim. No. 03-270.  Hicks admitted the violations of supervised release, including several Grade A violations.  After counsel and Hicks addressed the court with respect to the appropriate sentence, the court

revoked supervised release and sentenced Hicks to a term of imprisonment of 24 months, to run **<u>consecutive</u>** to the prison terms imposed at Cr. 19-165 and 20-232, with no supervision to follow at Crim. No. 03-270. The court reiterated that it would recommend to the BOP that the last 12 months of Hicks' imprisonment be served on home confinement.

In completing the Judgment forms at all three cases, the court included the recommendation to the BOP that the last 12 months be served on home confinement only on the Judgment form at Crim. No. 03-270. The court did so intentionally, because the prison term at Crim. No. 03-270 will be served consecutive to the terms of imprisonment at Crim. Nos. 19-165 and 20-232. In other words, the last 12 months of Hicks' time in prison will occur only at Crim. No. 03-270.

The court cannot recommend to the BOP, that Hicks serve approximately 4 years in prison (adjusted for good time credits) at Crim. Nos. 19-165 and 20-232; be released to home confinement for 12 months; and return to prison to serve his sentence for the supervised release violation at Crim. No. 03-270. The court's intention is that Hicks serve a combined total of 7 years in prison (adjusted for good time credit), with a recommendation to the BOP that Hicks be considered for home confinement for the last 12 months of the combined sentences.

For the reasons set forth above, the motion to correct judgment (Crim. No. 19-165, ECF No. 279; Crim. No. 20-232, ECF No. 60) will be DENIED.

An appropriate order will be entered.

              BY THE COURT:

              <u>/s/ Joy Flowers Conti</u>
              Judge Joy Flowers Conti
              Senior United States District Judge

Dated: October 5, 2022